IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **DORIS DENISE NORRIS,** § | | |
| **INDIVIDUALLY AND AS** § | | |
| **NEXT FRIEND OF M.N., AN** § | | |
| **INJURED MINOR** § | | |
| § | | |
| **V.** § | **CIVIL ACTION NO.  4:16-cv-2424** | |
| § | | |
| **KAWASAKI MOTORS CORP.** § | | |
| **U.S.A.** § | **JURY DEMANDED** | |
| § | | |

### PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW Plaintiff, **DORIS DENISE NORRIS, INDIVIDUALLY AND AS NEXT FRIEND OF M.N., AN INJURED MINOR,** and files this **ORIGINAL COMPLAINT**, and would respectively show unto the Court the following:

### I.

### PARTIES

1.01   Plaintiff, **DORIS DENISE NORRIS, INDIVIDUALLY AND AS NEXT FRIEND OF M.N., AN INJURED MINOR**, is a Texas resident.

1.02   Defendant, **KAWASAKI MOTORS CORP. U.S.A. ("KAWASAKI")**, is a foreign business entity with its principal place of business in Irvine, California, but doing business in and throughout the State of Texas. **KAWASAKI** may be served by and through its Registered Agent, CT CORP SYSTEM 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

1.03   Plaintiff specifically invokes the right to institute and maintain suit against the Defendant in any other names which have been used to designate it or its affiliates.

1.04   Plaintiff expressly invokes her right to have the true names of these (and related) parties substituted at a later time upon the motion of any party or of the Court.

## II.

## JURISDICTION AND VENUE

2.01   There is **complete diversity of Citizenship** between Plaintiff and Defendant.

2.02   The causes of action accrued in Montgomery County, Texas, which establishes proper venue in the United States District Court for the Southern District of Texas—Houston Division.

## III.

## FACTS

3.01   This is a serious personal injury case involving debilitating injuries sustained by **M.N.** as a result of a defective Recreational Off-Road Vehicle. The case is based, *inter alia*, upon Strict Products Liability pursuant to §402A of the RESTATEMENT (SECOND) OF TORTS.

3.02   On or about August 12, 2014, **M.N.** was severely injured when the ***Kawasaki Recreational Off-Road Vehicle*** (**"DEFECTIVE ROV"**) in which she was riding rolled over, entrapping her right arm and leg.

3.03   The rollover event occurred on farm property located on FM 1484 in Conroe, Montgomery County, Texas.

3.03   **M.N.** was thirteen (13) years old at the time of her injuries.

3.04   **KAWASAKI** designed, tested, manufactured, marketed, sold, distributed, and/or otherwise placed the **DEFECTIVE ROV** into the stream of Texas commerce.

3.05   The **DEFECTIVE ROV** is a 2013 *Kawasaki Mule MD* "side-by-side", bearing VIN: JK1AFCR17DB519101.

3.06   The **DEFECTIVE ROV** was in substantially the same condition at the time of the rollover event and **M.N.'s** injuries as when it was placed into the stream of commerce.

## IV.

## **STRICT PRODUCT LIABILITY—DESIGN AND MARKETING DEFECTS**

4.01    The **DEFECTIVE ROV** was defective and unsafe for its intended purpose inasmuch as it was in a defective condition and unreasonably dangerous as designed and/or marketed.

4.02    Plaintiff invokes the doctrine of Strict Liability pursuant to §402A of the RESTATEMENT (SECOND) OF TORTS, as adopted by the Supreme Court of Texas. The design and/or marketing defects constituted a producing cause of the rollover event and/or injuries/damages in question.

4.03    Pleading further, but not by way of limitation, the **DEFECTIVE ROV** was **DEFECTIVELY DESIGNED** in one or more of the following particulars:

- **Deficient and Defective STABILITY**
- **Deficient and Defective OCCUPANT PROTECTION**
- **Deficient and Defective SPEED CONTROL (lack of governor)**

4.04    Each of the foregoing, individually or collectively, constituted a **DESIGN DEFECT**, which rendered the **DEFECTIVE ROV** unreasonably dangerous as designed, taking into consideration the utility of the product and the risk involved in its use.

4.05    The **DEFECTIVE DESIGN** constituted a producing cause of the rollover event and/or injuries and damages suffered by Plaintiff.

4.06    Pleading further, but not by way of limitation, the **DEFECTIVE ROV** was **DEFECTIVELY MARKETED** in one or more of the following particulars:

- **Inadequate WARNINGS on the INSTABILITY**
- **Inadequate INSTRUCTIONS on controlling speed to control INSTABILITY**
- **Inadequate WARNING on the lack of OCCUPANT PROTECTION**

- **Inadequate INSTRUCTIONS how to increase OCCUPANT PROTECTION**

- **Inadequate WARNING on the lack of SPEED CONTROL (lack of governor)**

4.07   Each of the foregoing, individually or collectively, constituted a **MARKETING DEFECT**, which rendered the **DEFECTIVE ROV** unreasonably dangerous as marketed.

4.08   The **DEFECTIVE MARKETING** constituted a producing cause of the rollover event and/or injuries and damages suffered by Plaintiff.

## V.

## NEGLIGENT DESIGN AND MARKETING

5.01   **KAWASAKI** was **negligent** in the design and/or marketing of the **DEFECTIVE ROV**, which was a proximate cause of the rollover event and/or injuries/damages in question.

## VI.

## GROSS NEGLIGENCE

6.01   **KAWASAKI's** negligence constituted **gross negligence**, meaning an act or omission (1) which when viewed objectively from the standpoint of **KAWASAKI** at the time of the occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and (2) of which **KAWASAKI** has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety or welfare of others.

## VII.

## ACTUAL DAMAGES

7.01   **M.N., AN INJURED MINOR,** sustained severe and permanent injuries.

7.02   **DORIS DENISE NORRIS, INDIVIDUALLY AND AS NEXT FRIEND OF M.N., AN INJURED MINOR** seeks compensation for all elements of damage allowed pursuant

to Texas law, including but not limited to the reasonable value of **medical care**, past and future; **lost earning capacity** in the future; **physical pain and mental anguish**, past and future; **physical disfigurement**, both past and future; and **physical impairment**, past and future.

7.03   Actual damages are within the jurisdictional limits of this Court.

## VIII.

## EXEMPLARY DAMAGES

8.01   **DORIS DENISE NORRIS, INDIVIDUALLY AND AS NEXT FRIEND OF M.N., AN INJURED MINOR** seeks **EXEMPLARY DAMAGES** from **POLARIS** for its gross negligence, which damages should be awarded as a penalty or by way of punishment in order to deter similar egregious conduct by **POLARIS**, and others similarly situated.

## IX.

## JURY DEMAND

9.01   **DORIS DENISE NORRIS, INDIVIDUALLY AND AS NEXT FRIEND OF M.N., AN INJURED MINOR** respectfully demands a jury.

## X.

## PRE-JUDGMENT AND POST JUDGMENT INTEREST

10.01   **DORIS DENISE NORRIS, INDIVIDUALLY AND AS NEXT FRIEND OF M.N., AN INJURED MINOR** seeks pre-judgment and post-judgment interest as allowed by law.

WHEREFORE, PREMISES CONSIDERED, **DORIS DENISE NORRIS, INDIVIDUALLY AND AS NEXT FRIEND OF M.N., AN INJURED MINOR** prays this Court enter Judgment against **KAWASAKI MOTORS CORP. U.S.A.**, awarding past and future **Actual Damages** to which Plaintiff and her minor daughter are justly entitled, and for an award of **Exemplary Damages** against **KAWASAKI MOTORS CORP. U.S.A.**

Plaintiff further prays that she and her daughter be awarded taxable costs, pre-judgment and post judgment interest on the Judgment as allowed by law.

Plaintiff further prays for such other relief, both at law and in equity, to which she may show herself and her daughter justly entitled.

Respectfully submitted,

**THE WEST LAW FIRM**

*S. Scott West*

**S. SCOTT WEST**
FBN: 12156
SBN: 21206920
1600 HIGHWAY SIX, SUITE 450
SUGAR LAND, TEXAS 77478
TEL: (281) 277-1500
FAX: (281) 277-1505
scott@westfirm.com