IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DORIS DENISE NORRIS, INDIVIDUALLY AND AS NEXT FRIEND OF M.N., AN INJURED MINOR | § § § § § | HONORABLE LEE ROSENTHAL |
| Plaintiff | § § | |
| V. | § § | CIVIL ACTION NO. 4:16-CV-2424 |
| KAWASAKI MOTORS CORP. U.S.A., ET AL. | § § § | |
| Defendants | § | JURY DEMANDED |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO KAWASAKI MOTION IN LIMINE TO EXCLUDE PLAINTIFF'S EXPERT TESTIMONY REGARDING LIFE CARE PLAN**

Doris Denise Norris, on behalf of her daughter, M.N., files this preliminary response in opposition to the Kawasaki Defendants' Motion in Limine to Exclude Expert Testimony Regarding Life Care Plan. [Doc. 79][1]. Kawasaki's admits it really is a *Daubert* Motion[2]. Kawasaki's attacks go to the weight, not the admissibility of the Life Care Plan and related testimony/evidence. Kawasaki's motion should be denied.

**I.     Background of the Life Care Plan.**

Plaintiff retained *Physician Life Care Planning* to perform an analysis of M.N.'s future medical needs and prepare a Life Care Plan. Kawasaki failed to designate an expert on Life Care Planning or Present Value Analysis.

Dr. Todd Cowen, MD, FAAPMR, DABPM, CLCP, CPLCP is the author of M.N.'s Life Care Plan. Dr. Cowen's CV is attached as Norris Trial Exhibit 36.

---

[1] Kawasaki's Motion in Limine was filed on 8/17/2018, and is set on  9/7/2018 Motion Docket Date.

[2] Kawasaki Motion in Limine, Doc. 79, p. 17

1

William Davenport, CHFP, CSAF, MBA Finance performed a Present Value Analysis of the Life Care Plan. Mr. Davenport's CV is attached as Norris Trial Exhibit 39.

## II. Kawasaki's complaints go to the weight of the Life Care Plan evidence, not its admissibility.

Kawasaki's Motion in Limine regarding the Life Care Plan reads more like confounded notes from a cross-examination outline than a Motion in Limine/Exclude. Kawasaki spends the better part of the motion attacking the credibility of Dr. Cowen and the Life Care Plan, not its admissibility.

In *Kuithe*, the court stated that it is error to conflate admissibility with credibility, as by considering the relative weight of competing experts and their opinions.[3] Kawasaki, of course, has no such competing experts since it does not have a Life Care Planning expert.

Kawasaki alleges that Dr. Cowen relied on unqualified persons in his drafting of the Life Care Plan and thus, his Life Care Plan is inadmissible.[4] However, in *Primrose*, the Court held that questions relating to the bases and sources of an expert's opinion generally go to the weight of that opinion rather than its admissibility because it is "the role of the adversarial system, not the court to highlight weak evidence."[5] Although Kawasaki questions Dr. Cowen's methodology, the precedent case cited by Kawasaki does not.

Similarly, the Court in *Deramus* found, that where a proposed life care plan was based on a review of plaintiff's medical records, depositions taken from Plaintiff's physicians, and numerous meetings with Plaintiff any objection to the opinions must go to

---

[3] *Kuithe v. Gulf Caribe Mar., Inc.*, No. 08-0458-WS-C, 2009 U.S. Dist. LEXIS 110977, at 2* (S.D. Ala. Nov. 25, 2009).
[4] Kawasaki's Motion in Limine [Doc 79, p. 22].
[5] *Primrose Operating Co., v. Nat'l Ins. Co.,* 382 F.3d 546, 562-63 (5th Cir. 2004).

the weight the jury should give to the testimony rather than its admissibility.[6] Here, Dr. Cowen stated that he reviewed the relevant extensive medical records of treating physicians, met with M.N., and conducted his own personal examination.[7]

Furthermore, *Daubert* and its progeny has consistently made it clear that "vigorous cross-examination [and] presentation of contrary evidence . . . is the traditional and appropriate means of attacking shaky but admissible evidence."[8]

### III. Dr. Cowen's methodology is reliable.

Kawasaki cites cases that enumerated some factors to be considered as to the reliability of a Life Care Plan's methodology: (1) whether the experts methodology is peer-reviewed; (2) whether the expert's opinion fall within or are incident to their area of medical specialty; (3) whether the expert communicated with the plaintiff's treating physicians; (4) whether the expert drafted the life care plan himself or relied on others; and (5) whether the plan includes treatment not prescribed or indicated by the medical records.[9]

Kawasaki insists that Dr. Cowen's Life Care Plain is inadmissible because he, himself, lacks the expertise to offer opinions regarding M.N.'s orthopedic needs. Kawasaki Defendants further suggest that his Life Care Plan lacks peer review.

Dr. Cowen is Board Certified in both Physical Medicine & Rehabilitation and in Pain Medicine. He is a Certified Life Care Planner and Certified Physician Life Care

---

[6] *Deramus v. Saia Motor Freight Line, LLC*, No. 2:08-cv-23-MEF (WO), 2009 U.S. Dist. LEXIS 50550, at 2* (M.D. Ala. June 15, 2009).
[7] Cowen Depo, p. 63, lines 18 – 25
[8] *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. at 596 (1993).
[9] *See generally Queen v. W.I.C., Inc.*, No. 14-CV-519-DRH-SCW, 2017 U.S. Dist. LEXIS 143087 (S.D. Ill. Sep. 5, 2017); *Carreon v. King*, Civil Action No. 3:15-CV-2089-K-BK, 2015 U.S. Dist. LEXIS 184596 (N.D. Tex. Dec. 10, 2015).

Planner. Dr. Cowen has published and presented on topics including Physical Medicine & Rehabilitation and Life Care Planning.

Dr. Cowen is both a practicing PM&R physician (double Boarded) and a double-Certified Life Care Planner. Some of Dr. Cowen's methodology is set in his deposition, excerpts of which are attached to this preliminary response.[10] Kawasaki fails to present any <u>evidence</u> contrary to Dr. Cowen's testimony about the methodology and reliability of his analysis and Life Care Planning.

M.N.'s primary treating surgeon was Dr. David Antekeier. Dr. Antekeier's CV is attached as Norris Trial Exhibit 47. Although Dr. Antekeier had not been deposed when the Expert Reports were due (November 20, 2017).

Dr. Antekeier was available for Dr. Cowen's consult if he needed input—which he did not since Dr. Cowen examined M.N. two (2) years after Dr. Antekeier's last treatment.

Dr. Cowen likewise was available for Dr. Antekeier if needed—which he did not.[11]

```
 7         Q.     All right.  Did you have access to
 8    speak with Dr. Cowen if you had needed to?
 9         A.     Yes.
10         Q.     And after reviewing Dr. Cowen's
11    life care plan, was there anything that caused
12    you concern that required you to consult with
13    Dr. Cowen?
14         A.     No.
```

---

[10] Cowen Depo, pp. 14 – 25; pp. 61 – 69 (attached).
[11] Antekeier Depo, p. 76, lines 7 – 14.

Dr. Antekeier concurs with the Life Care Plan prepared by Dr. Cowen.[12]

```
15        Q.     All right. And so did you concur
16   with and adopt Dr. Cowen's future life care
17   plan for Melanie Norris?
18        A.     Yes, I concur with this.
19        Q.     All right. Doctor, have the
20   opinions that you've given today been based
21   upon a reasonable degree of medical
22   probability?
23        A.     Yes.
```

**IV.   Relevancy of Dr. Cowen's testimony and his Life Care Plan.**

Dr. Cowen's testimony and the Life Care Plan are the only evidence upon which the jury can evaluate and compensate for M.N.'s future medical needs.

Dr. Cowen's testimony and the Life Care Plan he developed for M.N.'s future care not only are relevant, but critical.

**V.   Additional medical records.**

Kawasaki complains that Dr. Cowen's November, 2017, Life Care Plan failed to consider medical records that had not yet been generated and/or obtained. This is ludicrous.

It is axiomatic that there is delay between treatment, creation of records, and production of records. Dr. Cowen had all records that were available to Plaintiff when he prepared his Life Care Plan as per the Scheduling Order.

---

[12] Antekeir Depo, p. 76, lines 15 – 23; also Kawasaki Motion in Limine, Doc. 79, p. 14.

## **CONCLUSION**

WHEREFORE PREMISES CONSIDERED, Plaintiff respectfully requests that the Kawasaki Defendants' Motion in Limine to Exclude Plaintiff's Expert Testimony Regarding Life Car Plan [Doc. 79] be denied. Plaintiff requests a trial by jury on all issues of fact, and also prays for such other and further relief to which she is entitled.

Respectfully submitted,

THE WEST LAW FIRM
*/s/ S. Scott West*
S. SCOTT WEST (LEAD COUNSEL)
FBN: 12156
SBN: 21206920
1600 HIGHWAY SIX, SUITE 450
SUGAR LAND, TEXAS 77478
TEL: (281) 277-1500
FAX: (281) 277-1505
scott@westfirm.com

HOGAN & HOGAN (CO-COUNSEL)
RICHARD P. HOGAN, JR.
FBN: 8026
SBN: 09802010
JENNIFER BRUCH HOGAN
FBN: 7187
SBN: 03239100
JAMES C. MARROW
SBN: 24013103
711 Louisiana, Suite 500
Houston, Texas 77002
Tel: (713) 222-8800
Fax: (713) 222-8810
rhogan@hoganfirm.com
jhogan@hoganfirm.com
jmarrow@hoganfirm.com

**COUNSEL FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of **PLAINTIFF'S RESPONSE TO KAWASAKI DEFENDANT'S MOTION IN LIMINE TO EXCLUDE PLAINTIFF'S EXPERT TESTIMONY REGARDING LIFE CARE PLAN** was served pursuant to the FRCP upon all counsel of record as follows:

**Mr. Jeffrey S. Hawkins (*Kawasaki*)**
*Germer Attorneys At Law*
301 Congress Avenue, Suite 1700
Austin, Texas 78701
*Via Facsimile: (512) 472-0721 and/or*
*Via e-filing/Pacer and/or*
*Via e-mail*

**Mr. Richard Mueller (*Kawasaki*)**
**Ms. Heather Counts**
*Thomas Coburn LLP*
One US Bank Plaza
505 N 7th St.
St. Louis, Missouri 63101-1693
*Via Facsimile: (314) 552-6084 and/or*
*Via e-filing/Pacer and/or*
*Via e-mail*

**Mr. Thomas Johnson (*Kawasaki*)**
*Kawasaki Motors Corp., U.S.A.*
26972 Burbank
Foothill Ranch, CA 92610-2506
*Via e-filing/Pacer*

**On this the 4th day of September, 2018.**

*/s/ S. Scott West*
**S. SCOTT WEST**